Bradley v William Penn Life Ins. Co. of N.Y. (2022 NY Slip Op 00164)





Bradley v William Penn Life Ins. Co. of N.Y.


2022 NY Slip Op 00164


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-10260
 (Index No. 7291/13)

[*1]Stephen Bradley, appellant, 
v
William Penn Life Insurance Company of New York, respondent, et al., defendant.


Stenger, Diamond & Glass, LLP, Wappingers Falls, NY (Darren H. Fairlie of counsel), for appellant.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Robert D. Meade of counsel), for respondent.



DECISION & ORDER
In an action to recover the proceeds of a life insurance policy, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Peter M. Forman, J.), entered June 12, 2019. The judgment, insofar as appealed from, awarded the plaintiff prejudgment interest only at the rate of 3% per annum.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2013, the plaintiff commenced this action to recover the proceeds of a life insurance policy. On a prior appeal, this Court determined, inter alia, that the plaintiff was entitled to summary judgment on the complaint insofar as asserted against the defendant William Penn Life Insurance Company of New York (see Bradley v William Penn Life Ins. Co. of N.Y., 170 AD3d 936).
Subsequently, both parties submitted to the Supreme Court proposed judgments as to the proper rate of prejudgment interest to be awarded to the plaintiff. The court entered a judgment on June 12, 2019. The judgment provided, inter alia, for an award of prejudgment interest at the rate of 3% per annum. The plaintiff appeals from so much of the judgment as awarded prejudgment interest only at the rate of 3% per annum.
Contrary to the plaintiff's contention, the judgment properly included a provision for prejudgment interest at a rate of 3% percent per annum. Pursuant to Insurance Law § 3214(a), interest upon the proceeds of a life insurance policy, such as the one at bar, "shall be paid from the date of the death of the insured . . . pursuant to the provisions of subsection (c)." Subsection (c) of that section specifically provides that "interest upon the principal sum paid to the beneficiary or policyholder shall be computed daily at the rate of interest currently paid by the insurer on proceeds left under the interest settlement option, from the date of the death of an insured or annuitant in connection with a death claim on such a policy of life insurance . . . and shall be added to and be a part of the total sum paid" (see Gassman v Metropolitan Life Ins. Co., 56 AD3d 608, 610; Chipetine v William Penn Life Ins. Co., 227 AD2d 216). Pursuant to the subject policy and the facts of this [*2]case, the plaintiff was entitled to prejudgment interest at a rate of 3% per annum and not at a rate of 9% per annum.
The parties' remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court